## Shank v. Knaub

*Daniel F. Wolfson*, for plaintiffs.
*Donald B. Hoyt* and *William B. Anstine, Jr.*, for defendants.

ERB, *J.*, January 29, 1979—Plaintiffs, C. Lawrence Shank and Jean Herberlig, have filed a complaint in equity requesting the chancellor to enjoin defendants, Supervisors of Warrington Township and Wellsville Sewer Authority, from proceeding with the construction of a sewer line in Warrington Township and from requiring plaintiffs to connect to such line.

Defendants, Knaub, Stahlmen, and Forry, as Supervisors of Warrington Township, passed two ordinances, 78-L and 78-S, on May 18, 1978, the first approving an agreement between the Township and Borough of Wellsville Sewer Authority, which agreement permits the authority to construct and operate a sanitary sewer system through the township, and the second, which grants all necessary easements and rights-of-way incident to construction. On June 5, 1978, an additional ordinance, 78-3, was passed, mandating all residents to connect with the sewer system. Plaintiffs allege in the complaint that these ordinances were passed after being advertised only once in a general circulation newspaper. Plaintiffs contend that notice of the ordinances should have been published once per week for three successive weeks, in order to give residents sufficient opportunity to protest; that since this was not done, the ordinances are invalid and plaintiffs have suffered and will continue to suffer irreparable damage; and there is no adequate relief at law. As a result of the lack of legal remedy, plaintiffs seek an injunction to restrain the enforcement of the ordinances here in question.

In their brief in opposition to defendant's preliminary objections in the form of a demurrer, which are before the court for determination, plaintiffs cite section 1502 of The Second Class Town-

ship Code of May 1, 1933, P.L. 103, art. XV, sec. 1502, as amended, 53 P.S. §66502, as controlling. This section provides that:

"No sewer, drain or system thereof shall be constructed under the provisions of this article unless a resolution or ordinance of the board of supervisors authorizing the same shall be published in a newspaper of general circulation published in the county in which the township is situated, once a week for three successive weeks. If, before the expiration of twenty days after the last publication, sixty per centum of the total property owners of the township or the affected sewer district, if such district has been constituted, as the case may be, shall sign and file, in the office of the prothonotary of the court of common pleas of the county in which the township is located, a written protest against the construction of such sewer, drain or system thereof, then the construction authorized by such resolution or ordinance shall not be undertaken or proceeded with."

The article of the code to which the section cited refers applies *only* to the construction of a sewer system by a *township or district*. See section 1501, 53 P.S. §66501. Warrington Township is not constructing a sewer system, but approving its construction and operation by a municipal authority. This approval by adoption of ordinances is provided under the general powers set forth in section 741 of The Second Class Township Code, 53 P.S. §65741, which states as follows: "To adopt ordinances prescribing the manner in which such specific powers of the township shall be carried out. All such ordinances, unless otherwise provided by law, shall be published not more than sixty days nor less than seven days prior to passage at least once in one newspaper circulating generally in the township."

The construction in this instance is undertaken by the Borough of Wellsville Sewer Authority pursuant to authority granted by the State, under the Municipality Authorities Act of May 2, 1945, P.L. 382 et seq., 53 P.S. §301 et seq., not by the township.

The act, 53 P.S., §306A, specifies as one of the purposes of an authority the construction and operation of sewers and sewer systems and, in section 306B, the authority is granted the power to carry out that purpose including in subsection (P) the power to enter into contracts to supply water and other services to and for municipalities that are not members of the authority.

The authority is a creature of the State and as such is governed not by the legislation controlling second class townships but the powers and authority granted it under the legislation which created it.

The authority need not follow the provisions of section 1502 of The Second Class Township Code in the construction of sewers and, since there is no similar provision requiring the advertising of planned sewer construction in the Municipality Authorities Act, such advertisement was not necessary to implement the construction where contemplated. See in Re Tredyffrin Twp. Ordinances 9 Chester 323 (1960).

Since, as we have stated, the township was not constructing the sewer but only approving the authority's extension of a sewer through the township, it was not necessary for it to follow section 1502. Since the ordinances were adopted in compliance with section 741 of The Second Class Township Code, they are valid.

As plaintiffs' complaint states as its sole cause of action the failure of the township to properly advertise the ordinances, which, we have dis-

cussed, were properly advertised, defendants' demurrer must be sustained.

Accordingly, we enter the following

### ORDER

And now, January 29, 1979, defendants' preliminary objections in the form of a demurrer to plaintiffs' complaint are sustained and approved.

Plaintiffs are granted an exception.